**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DISH Network LLC, et al., | No. CV-24-00288-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Moses Anthony Valenzuela, et al., | |
| Defendants. | |

Pending before the Court is the Agreed Motion for Entry of Final Judgment and Permanent Injunction (Doc. 13) filed jointly by Plaintiffs DISH Network L.L.C and Sling TV L.L.C. and Defendants Moses Anthony Valenzuela, TV Technologies LLC, and The Technology & Medical Store Inc. (collectively "the Parties"). Having considered the Motion, and good cause appearing,

**IT IS ORDERED:**

1. The Parties' Agreed Motion for Entry of Final Judgment and Permanent Injunction (Doc. 13) is **granted**. Judgment is entered against Defendants, and for Plaintiffs, on Counts I–III of the complaint (Doc. 1) which allege Defendants' violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201(a)(2) and (b)(1) and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1)(c), (d), and 2520 for trafficking in streaming services that are accessed using the vSeeBox and Tanggula set-top boxes (the "Services"), that capture and retransmit Plaintiffs' channels, without authorization, by circumventing Plaintiffs' security measures.

2. Plaintiffs are awarded damages of $405,000 against Defendants, which is calculated at $2,500 under 17 U.S.C. § 1203(c)(3)(A) for each of the 162 Services sold by Defendants.

3. Defendants, and any officer, agent, servant, employee, or other person acting in active concert or participation with them that receives actual notice of this Order, are enjoined from:

    A. manufacturing, offering to the public, providing, or otherwise trafficking in the Services, vSeeBox and Tanggula set-top boxes, or any other technology, product, service, device, component, or part thereof that:

        i. is primarily designed or produced for circumventing any digital rights management ("DRM") technology or other technological measure that Plaintiffs use to control access to or protect against copying of a copyrighted work;

        ii. has at best only limited commercially significant purpose or use other than circumventing any DRM technology or other technological measure that Plaintiffs use to control access to or protect against copying of a copyrighted work; or

        iii. is marketed for circumventing any DRM technology or other technological measure that Plaintiffs use to control access to or protect against copying of a copyrighted work; or

    B. intentionally disclosing, endeavoring to disclose, using, or endeavoring to use Plaintiffs' channels knowing or having reason to know that they were obtained through interception.

4. This permanent injunction takes effect immediately.

5. Each party is to bear its own attorney's fees and costs.

6. The Court retains jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction.

//

7. Plaintiffs' Motion for Default Judgment (Doc. 12) is **denied** as moot.

8. The Clerk of Court is directed to enter judgment in the amount of $405,000 against Defendants Moses Anthony Valenzuela, TV Technologies LLC, and The Technology & Medical Store Inc., jointly and severally, and close this case.

Dated this 13th day of February, 2025.

Jennifer G. Zipps
Chief United States District Judge